UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Troy Adam Davenport, Jr., | ) C/A No. 9:08-3237-RBH-BM |
| Plaintiff, | ) |
| vs. | ) |
| (FBI) Federal Bureau of Investigation: Agent NFN Quillen; | ) |
| Detective Collis Flavel; | ) |
| Judge Henry F. Floyd; | ) |
| Attorney James B. Loggins: U.S. District Court S.C.; | ) **Report and Recommendation** |
| E. Jean Howard, | ) |
| Defendants. | ) |

Plaintiff, Troy Adam Davenport, Jr., proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983/*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). Plaintiff is a federal detainee at the Spartanburg County Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). As the Petitioner is a *pro se* litigant, his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. at 519; *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978). Even under



this less stringent standard, however, the *pro se* petition is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

Background

Plaintiff brings this §1983/*Bivens* action against a Greenville County Police Officer and numerous federal entities/employees involved in the prosecution of Plaintiff's pending federal criminal case, which results from a February 13, 2007 arrest for Armed Bank Robbery. Plaintiff states that the Defendant Quillen (FBI Agent) and Defendant Flavel (Greenville County Police Officer) questioned Plaintiff "at an unauthorized time." Plaintiff alleges that he should not have been interviewed by these Defendants because he was "under the influence of marijuana and an alcoholic beverage and afterwards my mind wasn't stable due to a car accident." Plaintiff claims the Defendant Loggins (Federal Public Defender) deprived Plaintiff of his rights in relation to "motions, discovery files, plea bargains and re-newed copies of [Plaintiff's] legal files" in his criminal case. The Defendant Henry Floyd (a United States District Judge) is named for charging Plaintiff with a gun charge. Plaintiff provides no factual information regarding Defendant E. Jean Howard.

Plaintiff complains that his pre-sentencing forms fail to reflect a downward departure for information Plaintiff has given to the Federal Bureau of Investigation (FBI), and that his current "gun charge" is "bogus." Plaintiff further alleges that his legal paper work was "confiscated from [his] possession and thrown away" sometime during Plaintiff's transfer from the Greenville County

2



Detention Center to the Spartanburg County Detention Center. Plaintiff seeks monetary damages and the dismissal of his gun charge.

## Discussion

Since Plaintiff is bringing suit against one county employee and several federal entities/employees, his constitutional claims are evaluated under both 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), which established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights. *Carlson v. Green*, 446 U.S. 14,18 (1980). *See also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). A *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983, therefore, caselaw involving § 1983 claims is applicable in *Bivens* actions, and vice versa. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820, n. 30 (1982). *See also Farmer v. Brennan*, 511 U.S. 825 (1994); *Bolin v. Story*, 225 F.3d 1234, 1241-1242 (11th Cir. 2000); *Campbell v. Civil Air Patrol*, 131 F. Supp. 2d 1303, 1310, n. 8 (M.D. Ala. 2001)("the court shall refer interchangeably to cases" decided under both § 1983 and *Bivens*.)

As an initial matter, Plaintiff's complaint provides insufficient factual information to state a §1983/*Bivens* claim against five of the named Defendants: the Federal Bureau of Investigation (FBI), U.S. District Court, Agent Quillen, Detective Collis Flavel, and E. Jean Howard. As stated previously, Plaintiff's complaint fails to make any factual allegations against E. Jean Howard. In addition, no constitutional claims against the FBI or U.S. District Court are discussed in the body of the complaint.[1] Plaintiff's only allegations against the Defendants Quillen and Flavel involve

---

[1] In the complaint's caption, the U.S. District Court and FBI appear to be used as descriptive terms to define the individual Defendants' places of employment. Therefore, it is unclear whether Plaintiff intended to even name the FBI and U.S. District Court as separate Defendants in this action.

3



Plaintiff being questioned by these Defendants in connection with Plaintiff's arrest for Armed Robbery. This is an issue to be pursued as part of Plaintiff's criminal case, either pre-trial or, if a completed case, through some type of habeas action. In any event, the complaint's general claim of rights being violated in reference to the prosecution of Plaintiff's criminal case are insufficient to state a claim under § 1983/*Bivens*. Although the Court must liberally construe the *pro se* complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because it "failed to contain any factual allegations tending to support his bare assertion"). *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003); *Ross v. Meagan*, 638 F.2d 646, 650 (3d Cir. 1981); and *See Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985).

Further, to the extent Plaintiff seeks damages for alleged constitutional violations stemming from his federal criminal prosecution and/or sentence, his action is barred by the United States Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477, 478 (1994), which held:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. at 487. *See also Poston v. Shappert*, No. 06-8052, 2007 WL 1031695 (4th Cir. March 30, 2007)(§ 1983 and *Bivens* claims challenging underlying criminal conviction barred by *Heck*); *Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996)(federal prisoner's



challenge to the means used to arrest and convict him barred by *Heck*); *Stephenson v. Reno*, 28 F.3d 26, 28 (5th Cir. 1994)(federal prisoner seeking damages resulting from investigation, conviction and sentence could not bring a *Bivens* claim until prisoner's conviction was "declared invalid or otherwise impugned as set out in *Heck*").  Thus, *Heck* bars a prisoner's claim for damages under § 1983/*Bivens* where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been successfully challenged.  As Plaintiff has not demonstrated that his federal sentence has been successfully challenged, any damages claim he may be attempting to pursue relating to the prosecution of his criminal case is barred by *Heck*.[2]

Plaintiff's complaint also suffers from other infirmities.  The Defendant James B. Loggins, the federal public defender in Plaintiff's criminal case, is entitled to summary dismissal even if Plaintiff's claim's were not otherwise barred.  Plaintiff's statements concerning Defendant Loggins are as follows: "I've constantly been deprived of my rights every time I asked Federal Public Defender James B. Loggins for evidental [sic] motions, discovery files, plea bargains, and re-newed copies of my legal files in this case."  However, in order to state a cause of action under 42 U.S.C. § 1983 or, by analogy, the *Bivens* doctrine, a plaintiff must allege that: *(1)* the defendant deprived him or her of a federal right, and *(2)* did so under color of state law or federal law.  *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  *See also Bivens*, 430 U.S. at 392; *Campbell v. Civil Air Patrol*,

---

[2] The limitations period begins to run when a prisoner's sentence/conviction is successfully challenged.  *See Schilling v. White*, 58 F.3d 1081, 1087 & fn. 5 (6th Cir. 1995) ("§ 1983 claim for relief does not exist until the conviction is set aside, the statute of limitations does not begin to run until this time"); *Benson v. New Jersey State Parole Board*, 947 F. Supp. 827, 830 & n. 3 (D.N.J. 1996)("[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations"); *Snyder v. City of Alexandria*, 870 F. Supp. 672, 685-688 (E.D.Va. 1994).

5



131 F. Supp. 2d. at 1310. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law or federal law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983/ *Bivens. See Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980),(court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney). Thus, as a federal public defender, Defendant Loggins is not amenable to suit under § 1983, or the *Bivens* doctrine, and is entitled to summary dismissal from this case.

In addition, Plaintiff's claim against Defendant Henry F. Floyd, United States District Judge, must also fail. Judges have absolute immunity from claims for damages arising out of their judicial actions. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions"). *See also Siegert v. Gilley*, 500 U.S. 226, 231 (1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability"). Since Plaintiff claims Judge Floyd has "insisted" on charging Plaintiff with a gun charge, his allegations against Judge Floyd stem from judicial actions this Defendant has taken in Plaintiff's criminal case. As such, Judge Floyd is absolutely immune from suit and should be dismissed from the instant action.

Finally, Plaintiff alleges that his legal paperwork was "confiscated" and "thrown away" by unnamed individuals during his transfer from one detention center to another. The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty,

6



or property, without due process of law." However, the Due Process Clause is not implicated by a negligent act of a government official causing unintended loss of or injury to life, liberty, or property. *Daniels v. Williams*, 474 U.S. 327 (1986); *Pink v. Lester,* 52 F.3d 73, 75 (4th Cir. 1995). Thus, to the extent Plaintiff's claim sounds in negligence, he cannot bring this action under § 1983, or by analogy, *Bivens*. *See DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 200-203 (1989) (section 1983 does not impose liability for violations of duties of care arising under state law).

Moreover, an *intentional* deprivation of property by a government employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for loss is available. *Hudson v. Palmer*, 468 U.S. 517 (1984). In South Carolina, prisoners may bring an action for recovery of personal property against officials who deprive them of property without authorization. *See McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir. 1986) (citing S.C. Code Ann. § 15-69-10 *et seq.*). Such an action provides "a post-deprivation remedy sufficient to satisfy due process requirements." *Id.* (citing *Parratt v. Taylor*, 451 U.S. 527 (1981)). Thus, to the extent Plaintiff may be claiming that his legal paperwork was confiscated and discarded by a state employee during Plaintiff's institutional transfer, Plaintiff's claim must fail.[3]

Recommendation

---

[3] Plaintiff's complaint does not allege that the named Defendants interfered with Plaintiff's access to the courts (or his attorney), nor does it make allegations concerning any failure by the Defendants to deliver and/or mail any legal documents. Therefore, no "access to court" claim is stated in the pleadings.



Accordingly, it is recommended that the Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. *See Denton v. Hernandez*, 504 U.S. at 31; *Neitzke v. Williams*, 490 U.S. at 324-25; *Todd v. Baskerville* 712 F.2d at 74.

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

October 8, 2008

Charleston, South Carolina



8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

