UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Troy Adam Davenport, Jr., | ) | C/A No. 9:08-3237-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| (FBI) Federal Bureau of Investigation: | ) | |
| Agent NFN Quillen; Detective Collis Flavel; | ) | |
| Judge Henry F. Floyd; Attorney James B. | ) | |
| Loggins; U.S. District Court S.C.; | ) | |
| E. Jean Howard, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Troy Adam Davenport, Jr., proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), arising from a criminal prosecution against him. At the time the action was brought, on September 25, 2008, a review of the records of the District of South Carolina reflects that the plaintiff had recently been sentenced by United States District Judge Henry F. Floyd. See USA v. Troy Adam Davenport, Jr., Criminal No. 6:08-cr-00215-HFF. He entered a guilty plea on April 28, 2008 to Bank Robbery by Force or Violence and Possession and Use of a Firearm in the Furtherance of a Crime of Violence. He was sentenced on September 16, 2008 to 117 months and filed an appeal to the Fourth Circuit Court of Appeals which is still pending.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, this matter was referred to United States Magistrate Judge Bristow Marchant, for pretrial handling. The Magistrate Judge issued a Report and Recommendation on October 10, 2008, in which he recommended that the complaint be dismissed without prejudice and without issuance and service of process.

1

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

On November 12, 2008, the plaintiff filed objections to the Report and Recommendation.

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. Id. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982) (failure to file specific objections to particular conclusions in Magistrate Judge's Report, after warning of consequences of failure to object, waives further review). Without specific objection to the Magistrate Judge's reasoning , it is not necessary for this court to discuss the conclusion reached by the Magistrate Judge any further. See 28 U.S.C.§636(b)(1)(C) (If a party objects, the district court "shall make a de novo determination of those portions of the report or *specified* proposed findings or recommendations to which objection is made") (emphasis added).   Plaintiff's objection fails to direct the court's attention to a specific error in the Magistrate Judge's Report and Recommendation. Therefore, this Court is of the opinion that the plaintiff's filing does not satisfy the specificity requirement of Rule 72(b) of the Federal Rules of Civil

Procedure.[1] Plaintiff's filing is simply an effort to rehash the allegations of his complaint. Again, for the reasons set forth by the Magistrate Judge and pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), his action is barred at this time.

### Conclusion

After a review of the record before it, the court overrules any objections by the plaintiff, adopts the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference. The case is hereby dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

April 9, 2009
Florence, SC

---

[1] Rule 72(b) states:

Within ten days after being served with a copy of the recommended disposition, a party may serve and file **specific, written objections to the proposed findings and recommendations**. . . The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of **any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.**

Fed. R. Civ. P. 72(b) (emphasis added).

3